UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA K. SCOTT,

     Plaintiff,

 v.

COLIN HAYES, et al.,

     Defendants.

CASE NO. C17-5619 BHS

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

This matter comes before the Court on Plaintiff Pamela K. Scott's ("Scott") motion to proceed *in forma pauperis*. Dkt. 1.

On August 4, 2017, Scott filed the instant motion and proposed complaint. She alleges a double jeopardy violation and a malicious prosecution stemming from an amended state court judgment and sentence ("J&S"). Dkt. 1-1 at 3. After Scott was convicted in 2011, the court entered a sentence of twelve months of incarceration followed by 49 months of community custody. *Id*. at 5. As she was approaching the end of her community custody term, the Clark County prosecutor filed a motion to amend the J&S asserting that the original intent of the sentencing court was to sentence Scott to 61 months of community custody. *Id*. at 18–19. The court granted the motion over Scott's

opposition and entered an order amending the J&S. *Id.* Scott immediately appealed the amended J&S. *Id.*

While the matter was on appeal, another Clark County prosecutor attempted to settle. When Scott refused to settle, the prosecutor threatened to revoke her community custody status for certain violations, which could have resulted in Scott being returned to prison for 49 months. *Id.* at 32. Scott declined the prosecutor's offer, and the prosecutor filed a motion to revoke Scott's community custody. *Id.* at 33. Three weeks later, the prosecutor withdrew the motion to revoke Scott's community custody because Scott fulfilled the reported violations. *Id.* at 39. A few months later, the county filed its appellate brief and conceded that the trial court erred by amending the J&S. *Id.* at 18–22. The county requested that the appellate court should remand the case to the trial court with instructions to strike the amended J&S. *Id.* at 22.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Here, Scott's affidavit and *in forma pauperis* application show that she is unable to prepay fees and costs. *See* Dkt. 1.

However, even if a plaintiff satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying

ORDER - 2

complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

In this case, Scott has failed to show that exceptional circumstances exist and defendants are immune from the alleged actions. While Scott was definitely placed in a stressful position when faced with additional prison time, Scott has failed to allege any action outside the scope of the assigned prosecutors. Thus, they are most likely entitled to absolute prosecutorial immunity. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Moreover, even if immunity does not apply, malicious prosecution requires "that the defendants prosecuted [Scott] with malice and without probable cause, and that they did so for the purpose of denying [Scott] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Scott's allegations do not rise to the level of malice or an action without probable cause because her probation officer declared under penalty of perjury that Scott had failed to complete at least two conditions of her community confinement. Dkt. 1-1 at 37. Therefore, the Court concludes that this is not a claim that meets the exceptional circumstance criteria to proceed *in forma pauperis*.

Likewise, the Court is unaware of any authority for the proposition that a plaintiff may maintain a double jeopardy claim for civil damages. Therefore, the Court concludes that this claim is frivolous.

In sum, the Court **DENIES** Scott's motion to proceed *in forma pauperis*. If Scott chooses to proceed with this complaint, she shall pay the filing fee no later than September 1, 2017. Failure to timely pay the fee will result in dismissal of Scott's complaint without prejudice.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge