UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMELA K. SCOTT,<br><br>               Plaintiff,<br><br>    v.<br><br>COLIN HAYES, et al.,<br><br>               Defendants. | CASE NO. C17-5619 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL |

This matter comes before the Court on Plaintiff Pamela Scott's ("Scott") motion for extension of time to file amended complaint (Dkt. 14) and motion for court-appointed counsel (Dkt. 15).

On August 4, 2017, Scott filed a motion to proceed *in forma pauperis* and proposed complaint. Dkts. 1, 1-1. Scott asserts numerous claims against county prosecutors and Washington Department of Corrections ("DOC") officials stemming from DOC officials contacting the prosecutors regarding Scott's sentence. Dkt. 1-1. Based on a letter from DOC officials, the prosecutors filed a motion to amend Scott's sentence by adding twelve months of community custody. *Id*. The trial court granted the motion, but Scott successfully appealed the order. *Id*. This action followed. On August

8, 2017, the Court denied Scott's motion to proceed *in forma pauperis* based mainly on prosecutorial immunity. Dkt. 2.

On August 21, 2017, Scott appealed. Dkt. 3. The Ninth Circuit affirmed in part and vacated in part concluding that the Court "properly dismissed the claims against the prosecutor defendants," but vacated for further consideration or leave to amend on Scott's claims against the DOC officials. Dkt. 10.

On April 24, 2018, the Court granted Scott leave to amend her complaint with a deadline of May 25, 2018. Dkt. 13. On May 25, 2018, Scott filed a motion for extension of time and a motion for court-appointed counsel. Dkts. 14, 15.

Regarding an extension of time, Scott asserts that she needs time to research the law and review hundreds of pages of records she received from a public records request. Dkt. 14. Scott, however, requests an extension of 90 days to complete this review. *Id*. The Court finds that 90 days is excessive. In an amended complaint, Scott must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Scott should be able to meet this burden on her claims against the DOC officials in 30 days. Therefore, the Court **GRANTS** Scott's motion and extends the deadline for an amended complaint to July 13, 2018.

Regarding appointment of counsel, "a court may appoint counsel for indigent civil litigants under exceptional circumstances." *Ming Ching Jin v. Forgia*, 362 Fed. Appx. 649, 650 (9th Cir. 2010). "Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's

claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citing *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)).

At this point, Scott has failed to show that she has meritorious claims. Upon review of the amended complaint and further proceedings, the circumstances may change. Therefore, the Court **DENIES without prejudice** Scott's motion for court-appointed counsel.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge